NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HEATHER A., JARED M., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, S.M., H.M., *Appellees*.

No. 1 CA-JV 21-0315
FILED 3-31-2022

Appeal from the Superior Court in Maricopa County
No. JD31153
The Honorable Lori Bustamante, Judge

**AFFIRMED**

COUNSEL

Law Office of H. Clark Jones LLC, Mesa
By H. Clark Jones
*Counsel for Appellant*

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellees*

---

## MEMORANDUM DECISION

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1            Mother and father appeal the superior court's order terminating their rights to their respective children. The parents do not dispute whether the Department of Child Safety (DCS) proved the statutory grounds for termination or the superior court's finding they were unfit. Instead, they challenge the guardian ad litem's (GAL's) absence from the hearing. They argue the hearing violated the children's due process rights because the children were "unrepresented" during the termination hearing. Because the parents lack standing to raise this issue, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2            Just after the parents' child (H.M.) was born, DCS petitioned for a dependency based on parents' substance abuse, which the superior court granted. DCS implemented a safety plan, and the superior court appointed a GAL to represent the children's best interests. During the thirty-five-month dependency, the GAL attended all but three court hearings.

¶3            DCS provided services to both parents. Throughout the dependency, mother continued to abuse either methamphetamine or heroin. Both parents participated inconsistently in services. Four months into the dependency, father violated probation and was imprisoned on a 2011 offense. He remained incarcerated for the next twenty-one months. Upon his release, father minimally engaged in services and did not enhance his parenting capacities.

¶4            Twenty-nine months after petitioning for a dependency, DCS moved to terminate the parents' parental rights under the chronic substance-abuse and fifteen-month out-of-home placement grounds. *See* A.R.S. § 8-533.B.3, .B.8.c. The superior court terminated mother and father's rights to H.M. The court also terminated mother's rights to an older child, S.M. Because the parents raise a purely legal issue, we need not review the facts underlying the termination, and instead here focus on the facts

2

impacting their legal argument and discuss other underlying facts in paragraphs 14 through 18 below.

**¶5** The GAL was not present when the termination hearing commenced on September 27, 2021. After delaying the start of the hearing for a few minutes, the superior court said it was "inclined to at least start without [the GAL] and see how far we can get." Neither mother nor father objected to proceeding in the GAL's absence.

**¶6** The GAL still had not appeared by the time the hearing closed. The superior court expressed its concern and asked the parties for "any suggestions on how to proceed." Father's counsel suggested the minute entry could require the GAL "file something in writing to the Court with his position and it could be due by a date-certain, and then the Court could consider that in making [its] decision." Mother's counsel said, "other courtrooms regularly waive [GALs] in this proceeding, so I don't have any objection to doing something of that nature." The court then directed the GAL to submit his position and took the matter under advisement.

**¶7** The GAL submitted his written position in favor of termination, and a week later, the superior court terminated the parents' rights on the grounds alleged. The parents appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

**¶8** This court reviews "the interpretation of statutes, court rules, and constitutional issues" *de novo*. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018). This court views the evidence and reasonable inferences to be drawn from it in the light most favorable to affirming the superior court's order and will not reverse unless no reasonable evidence supports the factual findings. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

**¶9** "To possess standing to assert a constitutional challenge, an individual must . . . have suffered some threatened or actual injury resulting from the putatively illegal action." *State v. B Bar Enters., Inc.*, 133 Ariz. 99, 101 n.2 (1982) (cleaned up). "[A] party may have standing to protect a constitutional right possessed solely by a third person and not by the party" if the party has "a substantial relationship to the third person, the third person [is] unable to assert the constitutional right on his or her own behalf, and the failure to grant the party standing [would] result in a dilution of the third person's constitutional rights." *Id.* As biological parents, father

and mother have a substantial relationship with their respective children. The children, however, are parties to this appeal. They are represented by counsel who can assert their constitutional rights and who did not do so here. Accordingly, the exception to the third-party-standing rule does not apply.

¶10          Further, the superior court did not err in proceeding with the termination hearing without the GAL's presence. In a termination proceeding, a GAL is appointed to "protect the interest of [a] child" and "may make decisions in the child's best interests irrespective of the child's expressed wishes." *Castro v. Hochuli*, 236 Ariz. 587, 591–92, ¶ 11 (App. 2015); Ariz. R.P. Juv. Ct. 40.A. A child's counsel, on the other hand, is appointed mainly to "advocate for [the child's] subjective goals in the litigation." *See Castro*, 236 Ariz. at 591, ¶ 8.

¶11          On the date of the termination hearing, the law required the superior court to appoint a GAL only when a child was subject to dependency proceedings involving abuse or neglect allegations. *See* A.R.S. § 8-221.A, .I (2010) (amended 2021). The legislature later amended that statute to require an appointed attorney for a child subject to any dependency or termination proceeding. A.R.S. § 8-221.A. But at the time of the trial, the children were not entitled to an attorney because the amendment did not take effect until after the termination hearing concluded.

¶12          We do note the unusual timing of the GAL's involvement. The GAL, who did not appear at the termination hearing, now represents the children as their attorney in this appeal. The change in his role is the result of an administrative order issued two days after the termination hearing in this case. *See* Maricopa Cnty. Super. Ct. Admin. Order No. 2021-140; *see also* 2021 Ariz. Legis. Serv. ch. 228, § 1 (S.B. 1391) (West). In that order, the Maricopa County Superior Court converted all GALs to appointed attorneys to comply with the amendment to § 8-221.A mandating all children in dependency proceedings be represented by an attorney. *See id.* We also note the children's attorney filed no brief in this appeal. And when he filed a position statement with the superior court regarding termination, he indicated he was filing as the GAL, but also indicated he was "attorney for minor."

¶13          Nevertheless, the parents assert the GAL acted improperly by submitting a position without attending the hearing. The parents, however, invited the error by suggesting the superior court proceed as it did. *See State v. Herrera*, 232 Ariz. 536, 544, ¶ 16 (App. 2013) (this court "will not find

reversible error when the party complaining of it invited the error" (citation omitted)). Father's counsel suggested the GAL should "file something in writing to the court with his position," and mother's counsel did not object to waiving the GAL's presence.

**¶14** As a final point, the parents have not demonstrated any resulting harm from the alleged violation. *See Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 93–94, ¶¶ 21–22, 24–25 (App. 2005). DCS presented an extensive record for the superior court to review, including twenty-four exhibits and testimony. Many of those exhibits included updates about the children. Further, the case manager testified about the children's subjective positions, saying ten-year-old S.M. was "so done with this whole DCS thing" and wanted to live with S.M.'s aunt and "be done with it all."

**¶15** Three-year-old H.M. was just beginning to express wants and needs. Because of father's inconsistency at visits, H.M. became very frustrated, and "it became really difficult to get [H.M.] to even go on a visit." Soon afterward, H.M. refused to go on a visit because the child "was just really determined [to not] go and kind of had a meltdown in the parking lot of [the] daycare." The parent aide had to call H.M.'s placement to pick the child up because H.M. would "not get[ ] in the parent aide's vehicle that day."

**¶16** The superior court considered this evidence, along with evidence of the parents' extensive history of substance abuse, failure to engage in substance-abuse treatment or establish sobriety, and failure to enhance their caregiving capacities or provide the children with a safe and stable home.

**¶17** The GAL, in turn, recommended termination "based upon [his] familiarity with the parents['] participation with services . . . up to the trial date." The GAL's position was well-informed as he had represented the children throughout the dependency and was familiar with the evidence presented at trial.

**¶18** Based on these facts, the superior court found maintaining the parent-child relationship would be detrimental to the children. Conversely, the superior court found the children would benefit from termination because they will continue to have "their needs met in a safe and stable environment" and "will be able to move forward toward permanency." Ultimately, the GAL's recommendation—filed after the termination hearing—aligned with the overwhelming evidence showing termination was in the children's best interests. The record does not show how the GAL

failed to protect the children's interests or how his absence from the termination hearing harmed the children or diluted their constitutional rights. *See* Ariz. R.P. Juv. Ct. 40.A.

**¶19** Though the parents argue the GAL should have advocated for the children's subjective position rather than their best interests, the parents again invited the alleged error. Father's counsel recommended, without objection, the GAL submit his position in writing, and the superior court ordered the GAL to do so. Although the due date for the GAL's filing fell a week after the amendment to § 8-221.A became effective, the parents did not request a change to the superior court's order. Further, the parents fail to show the children's subjective positions would have differed substantively from the position the GAL filed with the court.

**¶20** On this record, the parents have not shown standing, error, or resulting prejudice.

## CONCLUSION

**¶21** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA